United States Court
Southern District of Texas
FILED

FEB 2 2 2017

David J. Bradley, Clerk of Court

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **UNDER SEAL** |
| | § | |
| v. | § | CRIMINAL NO. H- |
| | § | |
| | § | 18 U.S.C. § 2 |
| SHONDA RENEE STUBBLEFIELD | § | 18 U.S.C. § 641 |
| Aka Shonda McGown | § | 18 U.S.C. § 1341 |
| Defendant | § | 18 U.S.C. § 1343 |
| | § | 18 U.S.C. § 1957(a) |
| | § | 18 U.S.C. § 1028A |

**INDICTMENT**

**17 CR 0 1 0 0**

THE GRAND JURY CHARGES:

**INTRODUCTION**

Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order.

At all times material to this indictment:

1.      SHONDA RENEE STUBBLEFIELD, defendant herein, at all times relevant, was

the owner of World Corporation Inc., (World Corp.), a business located at 3934 West FM-1960,

Houston, Texas, 77068, within the Southern District of Texas.

2.      The Federal Highway Administration (FHWA), was created in 1966, as an agency

within of the United States Department of Transportation, that supported State and local

governments in the design, construction, and maintenance of the Nation's highway system through

financial and technical assistance. The Congestion Mitigation and Air Quality Improvement

(CMAQ) Program was created in 1991, and was administered by FHWA. The CMAQ provided

funding to areas that faced challenges attaining and maintaining National Ambient Air Quality

Standards for ozone, carbon monoxide, and/or particulate matter.

3.      The FHWA entered into a contract with the State of Texas through the Texas Department of Transportation (TX DOT) to provide federal money to reduce traffic congestion and improve the air quality in Texas.

4.      The Houston-Galveston Area Council (H-GAC) was a local government organization located in Houston, Texas, within the Southern District of Texas, that promoted the development, safety, and welfare of citizens. H-GAC entered into a contract with TX DOT to provide a Regional Telecommuting Program funded with federal money. The H-GAC Telecommuting Program provided financial incentives to companies that participated in a Regional Telework Program. An individual engaged in telework when they worked from home or outside the traditional office or workplace, using a computer and telephone connection. The H-GAC contract stated that in return for federal money, H-GAC would comply with standards set forth in the Code of Federal Regulations and make books and records available for inspection by the FHWA Office of the Inspector General.

5.      NuRide was an online tool intended to reduce traffic congestion and emissions by reducing the number of single occupancy vehicle trips. NuRide offered rewards such as restaurant coupons and retail discounts to enrolled members who documented travel on its website. The H-GAC Telework Program required participants to use NuRide.

## COUNT ONE
### Theft of public money in violation of 18 U.S.C. § 641

1.      The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 - 5 of the Introduction of this Indictment.

2.      Beginning on or about June 28, 2012, and continuing thereafter to on or about January 22, 2015, in the Houston Division Southern District of Texas and elsewhere, the defendant

**SHONDA RENEE STUBBLEFIELD,** did knowingly and willfully embezzle, steal, purloin, and convert to her own use or the use of another, on a regular and recurring basis, money and funds belonging to the United States, namely CMAQ money under the care, custody and control of the FHWA, in the amount of approximately $125,659.90, such amount being in excess of $1,000.00, in violation of Title 18, United States Code, Section 641.

## COUNTS TWO - THREE
### Mail fraud in violation of 18 U.S.C. §§ 1341 and 2

1.     The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 – 5 of the Introduction of this Indictment.

### THE SCHEME AND ARTIFICE TO DEFRAUD

2.     Beginning on or about June 28, 2012, and continuing thereafter to on or about January 22, 2015, in the Houston Division Southern District of Texas and elsewhere, the defendant **SHONDA RENEE STUBBLEFIELD,** aided and abetted by others known and unknown, did knowingly devise and intend to devise a scheme and artifice to defraud H-GAC and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

### PURPOSE OF THE SCHEME AND ARTIFICE TO DEFRAUD

3.     It was the purpose of the scheme and artifice to defraud to obtain money intended for the H-GAC Regional Telework Program, by submitting false and fraudulent World Corp. invoices and related documentation seeking reimbursement for business costs associated with teleworking that were never incurred.

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

The manner and means of the scheme and artifice to defraud included, but were not limited to, the following:

4.      STUBBLEFIELD would and did submit written applications to H-GAC that requested World Corp., participate in the H-GAC telework program and that falsely reported the number of teleworkers employed by her company.

5.      STUBBLEFIELD would and did enter into written agreements with H-GAC that acknowledged World Corp., would receive federal grant money in return for participating in the H-GAC Telecommute Program.

6.      STUBBLEFIELD would and did create and register or cause to be created and registered fictitious teleworker member profiles with NuRide that included false email and home addresses.

7.      STUBBLEFIELD would and did submit to H-GAC invoices that falsely reported expenses associated with the H-GAC telework program.

8.      STUBBLEFIELD would and did submit to H-GAC employee time sheets that falsely reported work performed in relation to the H-GAC telework program.

9.      STUBBLEFIELD would and did submit to H-GAC a fictitious client list.

10.      STUBBLEFIELD would and did submit to H-GAC a local match certificate that falsely identified Dinosaur Inc., as a match donor for World Corp.

11.      STUBBLEFILD would and did submit to H-GAC to a false and fraudulent check in the amount of $18,100.

12.      STUBBLEFIELD would and did receive payments from H-GAC by cashier's checks that were deposited into a World Corp. bank account at First Community Bank.

13.     STUBBLEFIELD would and did receive electronic payments from H-GAC that were directly deposited into the World Corp. bank account at First Community Bank.

14.     STUBBLEFIELD would and did submit to H-GAC false and fraudulent JP Morgan Chase bank records in the name of World Corp.

15.     STUBBLEFIELD would and did submit to H-GAC false and fraudulent BBVA Compass bank records in the name of World Corp.

16.     STUBBLEFIELD would and did communicate and provide documents to H-GAC by email, fax, and by mail delivered by the United States Postal Service.

<u>EXECUTION OF THE SCHEME AND ARTIFICE TO DEFRAUD</u>

17.     On or about the dates set forth in the counts below, the exact time unknown to the Grand Jury, the defendant **SHONDA RENEE STUBBLEFIELD**, for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, did knowingly place and caused to be placed in the mail, to be sent, delivered, and moved by the United States Postal Service the following items on or about the dates set forth in the Counts below:

| Count | Item Mailed: | Delivered on or about: |
|---|---|---|
| 2 | Contract mailed to H-GAC for $48,000 in telework funds from the CMAQ program | October 15, 2012 |
| 3 | Contract mailed to H-GAC for $63,000 in telework funds from the CMAQ program | October 28, 2013 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS FOUR - SEVEN
### Wire fraud in violation of 18 U.S.C. §§ 1343 and 2

1.      The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 – 5 of the Introduction, and paragraphs 4 – 16 of the manner and means of Count 2 and Count 3 of this Indictment.

2.      Beginning on or about June 28, 2012, and continuing thereafter to on or about January 22, 2015, in the Houston Division Southern District of Texas and elsewhere, the defendant **SHONDA RENEE STUBBLEFIELD**, aided and abetted by others known and unknown, did knowingly devise and intend to devise a scheme and artifice to defraud H-GAC and obtain money by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme did use and cause to be used in interstate commerce wire communications containing writings, signs, signals, and pictures in furtherance of the scheme, including the following items on or about the dates set forth in the Counts below:

| Count | On or about: | Interstate Wire Communication |
|---|---|---|
| 4 | November 22, 2103 | Electronic payment from FHWA to TXDOT as reimbursement for World Corp. October 2013 telework invoice |
| 5 | December 19, 2013 | Electronic payment from FHWA to TXDOT as reimbursement for World Corp. November 2013 telework invoice |
| 6 | January 17, 2014 | Electronic payment from FHWA to TXDOT as reimbursement for World Corp. December 2013 telework invoice |
| 7 | May 20, 2014 | Electronic payment from FHWA to TXDOT as reimbursement for World Corp. February 2014 telework invoice |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS EIGHT - NINE
### Engaging in monetary transactions with criminally derived property over $10,000 in violation of 18 U.S.C. § 1957(a)

1.      The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 – 5 of the Introduction, and paragraphs 4 - 16 of the manner and means of Count 2 and Count 3 of this Indictment.

2.      On or about the dates set forth below, in the Houston Division Southern District of Texas and elsewhere, the defendant **S8HONDA RENEE STUBBLEFIELD**, did knowingly engage and attempt to engage in a monetary transaction within the United States, by, through, and to, a financial institution affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, such funds having been derived from a specified unlawful activity, that is theft of public money in violation of Title 18, United States Code, Section 641:

| Count | Date | Financial Transaction |
|---|---|---|
| 8 | April 23, 2013 | Deposit $15,920.00 cashier's check into First Community Bank ending in #9768 |
| 9 | May 17, 2013 | Deposit $10,520.00 cashier's check into First Community Bank ending in #9768 |

All in violation of Title 18, United States Code, Section 1957(a).

## COUNT TEN
### Aggravated Identity Theft in violation of 18 U.S.C. § 1028A

1.      The Grand Jury re-alleges and incorporates by reference as if fully alleged herein, paragraphs 1 – 5 of the Introduction, and paragraphs 4 - 16 of the manner and means of Count 2 and Count 3 of this Indictment.

2.      On or about September 15, 2014, in the Houston Division Southern District of Texas and elsewhere, the defendant **SHONDA RENEE STUBBLEFIELD**, for the purpose of executing and attempting to execute the above described scheme and artifice to defraud H-GAC,

did knowingly possess and use without lawful authority a means of identification of another person, namely the name and bank account number of Tacuma F., to create a false and fraudulent check representing a match for federal grant money, during and in relation to violations of Title 18, United States Code, Section 641, including Theft of Public Money, in violation of Title 18, United States Code, 1028A.

## NOTICE OF FORFEITURE
### (28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C))

1.      Pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to the defendant, **SHONDA RENEE STUBBLEFIELD,** that upon conviction for a violation of Title 18, United States Code, Section 641 or 1341 or 1343 (related to theft of public money and mail fraud and wire fraud), all property, real or personal, which constitutes or is derived from proceeds traceable to such offense, is subject to forfeiture.

## NOTICE OF FORFEITURE
### (18 .S.C. § 982(a)(1))

2.      Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to the defendant, **SHONDA RENEE STUBBLEFIELD,** that upon conviction for a violation of Title 18, United States Code, Section 1957 (related to federal money laundering offenses), all property, real and personal, involved in such offense or traceable to such property, is subject to forfeiture.

## MONEY JUDGMENT

3.      Defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture. The amount is estimated to be, but is not limited to at least $125,659.90 in United States dollars.

## SUBSTITUTE ASSETS

4.     Defendant is notified that in the event that the property subject to forfeiture, as a result of any act or omission by the defendant,

    a.   cannot be located upon exercise of due diligence;

    b.   has been transferred or sold to, or deposited with a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value, or

    e.   has been comingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the Defendant up to the value of such property, pursuant to Title 21, United States Code 853(p), as incorporated by reference in Title 28, United States Code, Section 2461(c) and Title 18, United States Code, 982(b)(1).

A TRUE BILL

Original signature on File

FOREPERSON

KENNETH MAGIDSON
UNITED STATES ATTORNEY

By: _____
Julie M. Redlinger
Assistant United States Attorney